**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-01985-REB-PAC

REGINA and TONY CORTEZ,

    Plaintiffs,

v.

TRANSCONTINENTAL INSURANCE COMPANY, a New York corporation,
CAMBRIDGE INTEGRATED SERVICES GROUP, INC., a Pennsylvania corporation,
and,
AON INNOVATIVE SOLUTIONS, INC., a Missouri corporation,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFFS' MOTION TO REMAND**

---

**Blackburn, J.**

The matter before me is **Plaintiffs' Motion to Remand Case to State Court** [#18], filed October 20, 2005. I putatively have jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) (diversity of citizenship). I grant the motion with respect to plaintiffs' request to remand, but deny their request for attorneys' fees and costs.

Plaintiffs, who are Colorado residents, originally filed this lawsuit in state district court on June 28, 2004, against defendants Transcontinental Insurance Company ("Transcontinental"), a New York corporation, and Cambridge Integrated Services Group, Inc. ("Cambridge"), a Pennsylvania corporation. Although complete diversity of citizenship existed between the parties, Transcontinental and Cambridge did not remove the case to federal court. Nearly fourteen months later, and on the eve of trial,

plaintiffs filed their First Amended Complaint, adding claims against Aon Innovative Solutions, Inc. ("Aon"). Within thirty days of service of the First Amended Complaint, Aon removed the case to this court. Plaintiffs now seek to have the case remanded to the state court.

Although plaintiffs posit numerous bases justifying remand, I find one dispositive. The removal statute provides, in relevant part, that

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). A defendant who does not act within this deadline waives its right to remove the action to federal court. **See Huffman v. Saul Holdings Limited Partnership**, 194 F.3d 1072, 1077 (10th Cir. 1999). If more than one defendant has been sued, all defendants who have then been served must consent to removal of the action. **Liebau v. Columbia Casualty Co.**, 176 F.Supp.2d 1236, 1243 (D. Kan. 2001); **Cohen v. Hoard**, 696 F.Supp. 564, 566 (D. Kan. 1988) (citing cases).

The question presented here is what should occur vis-á-vis removal when a party sues multiple defendants but does not serve them all at the same time. Some courts, including two district courts in this district, have held that an earlier served defendant which has waived its own right to remove cannot essentially resurrect that right by later consenting to a removal initiated by a later served defendant. **Getty Oil**

***Corp. v. Insurance Co. v. North America***, 841 F.2d 1254, 1263 (5th Cir. 1988); ***Cellport Systems, Inc. v. Peiker Acustic GmbH & Company KG***, 335 F.Supp.2d 1131, 1132-34 (D. Colo. 2004); ***Smola v. Trumbull Insurance Co.***, 317 F.Supp.2d 1232, 1232-33 (D. Colo. 2004); ***Gorman v. Abbott Laboratories***, 629 F.Supp. 1196, 1201 (D.R.I. 1986) (citing cases); ***Transport Indemnity Co. v. Financial Trust Co.***, 339 F.Supp. 405, 409 (C.D. Cal. 1972). Other courts have refused to follow this "first-filed" rule, principally on fairness grounds. ***See Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.***, 254 F.3d 753, 755-57 (8th Cir. 2001); ***Brierly v. Alusuisse Flexible Packaging, Inc.***, 184 F.3d 527, 533 (6th Cir. 1999), ***cert. denied***, 120 S.Ct. 790 (2000); ***McKinney v. Board of Trustees of Mayland Community College***, 955 F.2d 924, 926-28 (4th Cir. 1992).

None of these decisions is binding on me. Nevertheless, I find those decisions adopting the first-filed rule more persuasive. The first-filed rule comports most closely with the well-known edict that removal statutes are to be strictly construed against removal and all doubts resolved in favor of remand. ***Shamrock Oil & Gas Corp. v. Sheets***, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); ***Fajen v. Foundation Reserve Insurance Co.***, 683 F.2d 331, 333 (10th Cir.1982); ***see also Getty Oil Corp.***, 841 F.2d at 1263 n.13. The focus on fairness and other policy concerns on which some courts have relied in rejecting the first-filed rule in inconsistent with this bedrock principle of removal jurisdiction. Moreover, given the admitted lack of legislative history of this portion of the statute, any effort to discern what Congress must have intended in a situation such as this, as some of these courts have done, is an

endeavor fraught with peril.  Rather, the plain language of section 1446(b) clearly suggests an intent that the forum for the lawsuit should be determined at an early stage of the litigation.  The first-filed rule best comports with that evident intention.

Nor do I agree with Aon that the Supreme Court's decision in *Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), eviscerates these precedents.  As noted by my colleagues on this court, the *Murphy Brothers* decision did not involve multiple defendants, and thus the Court had no occasion there to address the precise issue raised here.  *See Cellport Systems, Inc.*, 335 F.Supp.2d at 1134; *Smola*, 317 F.Supp.2d at 1232-22.  I therefore do not believe that decision undermines the sound policies justifying the first-filed rule.

Finally, I reject Aon's argument that Transcontinental's and Cambridge's removal rights should run anew from the filing of the First Amended Complaint because that document essentially created an entirely new and different lawsuit.  *See Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962, 965 (7th Cir.), *cert. denied*, 103 S.Ct. 70 (1982); *Henderson v. Midwest Refining Co.*, 43 F.2d 23, 25 (10th Cir. 1930); *Johnson v. Hueblein, Inc.*, 982 F.Supp. 438, 443 (S.D. Miss. 1997), *aff'd*, 227 F.3d 236 (5th Cir. 2000).  Although plaintiff added Aon as a party defendant and alleged new legal causes of action against all defendants, the factual allegations against Transcontinental and Cambridge were substantially identical to those asserted in the original complaint.  *Cf. Henderson*, 43 F.2d at 25 (noting that amended petition in that case "is not an amplification of the alleged cause of action as it was stated in the first petition; but a change, both from fact to fact and from law to law

– an abandonment of the original for a new cause of action"). Thus, as to those defendants who had already waived their removal rights at the time the First Amended Complaint was filed, the lawsuit was essentially the same. The doctrine which Aon seeks to invoke is not applicable under these circumstances.

Although I find that remand is warranted in this case, I deny plaintiffs' request for attorneys' fees and costs attributable to the removal. *See* 28 U.S.C. § 1447(c). In determining whether to exercise my broad discretion to make such an award, the central focus is on the propriety of removal. ***Excell, Inc. v. Sterling Boiler & Mechanical, Inc.***, 106 F.3d 318, 322 (10th Cir. 1997); ***Daleske v. Fairfield Communities, Inc.***, 17 F.3d 321, 324 (10th Cir.), ***cert. denied***, 114 S.Ct. 1832 (1994). Given the split in authority on the issue that I have found dispositive here, and the lack of authoritative precedent in this circuit, I find that Aon had a good faith argument supporting its attempted removal. Attorneys' fees and costs are not warranted. *See Daleske*, 17 F.3d at 324.

**THEREFORE, IT IS ORDERED** as follows:

(1) That Plaintiffs' Motion to Remand Case to State Court [#18], filed October 20, 2005, is **GRANTED IN PART** and **DENIED IN PART**;

(2) That the motion is **DENIED** with respect to plaintiffs' request for attorneys' fees and costs associated with the removal;

(3) That in all other respects, the motion is **GRANTED**; and

(4) That this case is **REMANDED** to the District Court of Adams County, Colorado (Case Number 2004CV2122).

Dated December 9, 2005, at Denver, Colorado.

                              BY THE COURT:

                              s/ Robert E. Blackburn
                              Robert E. Blackburn
                              United States District Judge